IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TODD DEAL,

                              Petitioner,

           v.                                                   CASE NO. 06-3053-SAC

DAVID R. MCKUNE, et al.,

                              Respondents.


**O R D E R**

    Petitioner proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Before the court is respondents' supplemented motion to dismiss the petition as time barred, and petitioner's motion for a stay to allow him to exhaust state court remedies. Having reviewed the record, the court finds the petition should be dismissed.

    A one year limitations period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review prior to the expiration of that statutory one year period. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

    In the present case, the parties agree that this statutory limitations period began running when petitioner's conviction on the charge of first degree murder became final October 9, 2001, upon

expiration of the time for petitioner to seek review by the United States Supreme Court. Petitioner tolled the running of the limitations period on August 29, 2002, when he filed a motion for post-conviction relief under K.S.A. 60-1507. The remaining 41 days in the limitations period began running on May 6, 2005,[1] upon expiration of petitioner's appeal from the denial of post-conviction relief, and expired October 31, 2005. Accordingly, petitioner's filing of the instant habeas petition on February 14, 2006, is not within the statutory period allowed for seeking habeas relief in a federal court.

Although petitioner contends tolling continues based on the timely notice of appeal he filed in December 2003 from the state district court's denial of petitioner's motion to correct an illegal sentence, the court finds no merit to this contention.

Petitioner acknowledges that an appeal from the December 2003 notice of appeal was never docketed in the Kansas Court of Appeals, and now seeks a stay to pursue leave to docket such an appeal out of time. However, time limits on post-conviction petitions are considered "conditions to filing." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Once the time for docketing the appeal in petitioner's post-conviction proceeding expired, no properly filed action was

---

[1] Although the Tenth Circuit Court of Appeals has determined that tolling continues, pursuant to Kansas Supreme Court Rule 7.06, which grants a party twenty days from the date the Kansas Supreme Court issues a decision to file a petition for rehearing, see e.g., Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004), the court accepts respondents' clarification that Kansas Supreme Court Rule 8.03 prevents further tolling under Rule 7.06 in this case. See Kansas Supreme Court Rule 8.03 ("The denial of a petition for review is not subject to a motion for reconsideration by the Supreme Court.").

pending in the state courts for the purpose of tolling under § 2244(d)(2).[2] *See* Williams v. Gibson, 237 F.3d 1267, 1269 (10th Cir. 2001)(once time for filing appeal expired, appeal was no longer "properly filed" for tolling under § 2244(d)(2)); Barnett v. Lemaster, 167 F.3d 1321 (10th Cir. 1999)(tolling under § 2244(d)(2) encompasses time during which state prisoner is attempting, through *proper use of state court procedures*, to exhaust state court remedies in post-conviction proceeding). Tolling under § 2244(d)(2) would have been available only if petitioner had sought and obtained leave to docket his appeal out of time prior to the expiration of the § 2244(d)(1) limitations period. *See* Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000)(in state post-conviction appeal, limitation period is tolled from filing date of application for leave to appeal out of time). Petitioner clearly did not do so in this case. Accordingly, any filing at this late date of an application for leave to docket his appeal out of time, even if granted, would have no tolling effect on the already expired limitations period. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for state post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002). Petitioner's motion for stay, to allow petitioner to seek leave to docket his state court appeal out of time, is denied.

While the § 2244(d)(1) limitations period is also subject to

---

[2] Accordingly, the court corrects any suggestion in its earlier that petitioner's argument for tolling might have merit if the state court record supported petitioner's filing of a notice of appeal from the denial of petitioner's motion to correct an illegal sentence.

equitable tolling, the record reveals no rare and exceptional circumstances that prevented petitioner from pursuing appellate review of the denial of his motion to correct an illegal sentence. Moreover,, and petitioner's three year delay in pursuing such review fails to demonstrate the diligence required for equitable tolling. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001).

The court thus concludes the instant petition should be dismissed as not timely filed within the limitations period imposed by 28 U.S.C. § 2244(d)(1).

IT IS THEREFORE ORDERED that petitioner's motion for a stay (Doc. 20) is denied.

IT IS FURTHER ORDERED that respondents' supplemented motion to dismiss the petition (Docs. 9 and 18) is granted, and that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 4th day of December 2006 at Topeka, Kansas.

                                               s/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge