IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TODD DEAL,

                        Petitioner,

             v.                              CASE NO. 06-3053-SAC

DAVID R. MCKUNE, et al.,

                        Respondents.



O R D E R

     Petitioner proceeds pro se and in forma pauperis on a petition
for writ of habeas corpus filed under 28 U.S.C. § 2254.  The court
granted respondents' motion to dismiss the petition as not timely
filed within limitations period imposed by 28 U.S.C. § 2244(d)(1),
and denied petitioner's motion to alter or amend that judgment.
Petitioner's appeal is currently pending before the Tenth Circuit
Court of Appeals.

     By an order dated January 3, 2007, the court issued no
certificate of appealability for petitioner's appeal.[1]  Before the
court is petitioner's "request for reconsideration" (Doc. 33) in
which petitioner seeks either a certificate of appealability or this
court's withdrawal of its previously entered orders.  Also before
the court is petitioner's "motion for review" (Doc. 42), in which

_____

     [1]The court also granted petitioner leave to proceed in forma
pauperis on appeal.  Although the court's reference in that order to
Fed.R.App.P. Rule 24(a)(3) was in error, as petitioner paid the
district court filing fee and his motion to proceed in forma
pauperis in the district court was denied without prejudice, the
court does not disturb its decision to allow petitioner to proceed
in forma pauperis on appeal.

petitioner seeks further consideration of his claim for equitable tolling of the statutory limitations period.

A motion to reconsider filed more than ten days after the entry of judgment is construed as a motion for relief under Rule 60(b). Weitz v. Lovelace Health System Inc., 214 F.3d 1175, 1178 (10th Cir. 2000). A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996). Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000).

To the extent petitioner seeks relief from the judgment entered in this matter, the court finds petitioner has made no showing that would entitle him to such relief under Rule 60(b).[2] The court also denies petitioner's renewed request for a certificate of appealability for petitioner's appeal.

IT IS THEREFORE ORDERED that petitioner's motions for reconsideration (Doc. 33) and motion for review (Doc. 42) are denied, and that petitioner's renewed request for a certificate of appealability is denied.

_____

[2]Petitioner's use of Rule 60(b) to challenge the dismissal of his habeas application as time barred does not constitute an attempt to file a second or successive habeas petition for which authorization by a circuit court of appeals would be required. See Gonzales v. Crosby, 545 U.S. 524 (2005)(motion for relief from judgment challenging only a court ruling that habeas petition was time-barred was not the equivalent of a "second or successive habeas petition" for purposes of 28 U.S.C. § 2244(b)).

**IT IS SO ORDERED.**

DATED:  This 26th day of January 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge