IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TODD DEAL,**

                  **Petitioner,**

     v.                                    CASE NO. 06-3053-SAC

**DAVID R. MCKUNE, et al.,**

                  **Respondents.**

### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The court granted respondents' motion to dismiss the petition as not timely filed within limitations period imposed by 28 U.S.C. § 2244(d)(1), and denied petitioner's motion to alter or amend that judgment. The Tenth Circuit Court of Appeals reversed that decision, based upon subsequent information that petitioner has a pending state court appeal. See <u>State v. Deal</u>, Appeal No. 98553. The circuit court remanded the matter to this court to decide whether dismissal of the petition without prejudice is appropriate because it may involve a mixture of exhausted and unexhausted claims, or whether a stay should be entered pending the resolution of petitioner's ongoing state court appeal.

Before the court is petitioner's motion for a stay, and respondents' objection thereto. Having reviewed the record, the court denies petitioner's request for a stay and dismisses the petition without prejudice.

Petitioner's conviction became final, and the one year

limitations period in 28 U.S.C. § 2244(d)(1) began to run, on October 9, 2001.  Petitioner tolled the running of that limitations period on August 29, 2002, by filing a motion for post-conviction relief under K.S.A. 60-1507.  The Kansas Supreme Court affirmed the denial of post-conviction relief in September 20, 2005, which would normally have begun the running of the approximately month and a half remaining in the statutory one year limitations period.  However, petitioner filed a motion on June 30, 2003, pursuant to K.S.A. 22-3504 to correct an illegal sentence.  As noted by the Tenth Circuit Court of Appeals, petitioner's appeal from the denial of that motion is currently pending before the Kansas appellate courts, and continues to toll the running of the time remaining in the 28 U.S.C. § 2244(d)(1) limitations period.

   Petitioner objects to this action being dismissed without prejudice as a mixed petition, and contends all claims presently before this court are fully exhausted.  Although this contention may be technically accurate, it is seriously undercut by petitioner's request for leave to amend the petition in the future to add claims relevant to his pending state court appeal.  This stated intention to amend the petition to add claims that are currently unexhasuted in the state courts prevents any finding that petitioner intends to proceed only on his present and exhausted claims, and instead convinces the court that concerns attendant to a petition having a mixture of exhausted and unexhausted claims should apply.  Petitioner further states it would be extremely difficult and burdensome to refile his petition if it were to be dismissed without prejudice, but identifies no extraordinary or specific difficulties in doing so.

2

Respondents correctly point out that a federal court has authority to stay a federal habeas action to allow the petitioner to fully exhaust state court remedies, but that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 276-77 (2005). Significantly, instead of dismissing a petition without prejudice as having a mixture of exhausted and unexhausted claims, the court has discretion to stay the habeas corpus action in order to preserve review of a timely-filed action for habeas corpus. Id. A stay is appropriate, however, only if the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics." Id. at 1535.

On the face of the record now before this court, these requirements are not satisfied. Petitioner has approximately six weeks to timely refile a habeas petition in federal court under 28 U.S.C. § 2254 after final resolution of his pending state court appeal, thus a stay is not necessary to preserve petitioner's ability to seek federal habeas review of all claims petitioner presents in the refiled petition within the 28 U.S.C. § 2244(d)(1) limitations period. Nor has petitioner yet identified any potentially meritorious unexhausted claim arising from his pending state court appeal, even if showings of good cause and no intentional delay could be assumed under the circumstances.

The court thus finds a stay is not warranted, and concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion for a stay (Doc. 44) is denied.

IT IS FURTHER ORDERED that the petition is dismissed without prejudice.

The clerk's office is to provide petitioner with a copy of the petition filed in this matter, and court forms for filing under 28 U.S.C. § 2254 and 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 21st day of November 2007 at Topeka, Kansas.

                                           s/ Sam A. Crow
                                           SAM A. CROW
                                           U.S. Senior District Judge